UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

KEITH DAVIS WEINER,

        Petitioner,                            Case Number 00-10002-BC
                                                    Honorable David M. Lawson

v.

BARBARA N. BOCK,

        Respondent.
_____/

## ORDER GRANTING A CERTIFICATE OF APPEALABILITY AND PETITIONER'S MOTION TO PROCEED *IN FORMA PAUPERIS* ON APPEAL

The petitioner has appealed this Court's order adopting in part the magistrate judge's report and recommendation and denying his application for a writ of habeas corpus under 28 U.S.C. § 2254. The matter is now before the Court for determination of whether a certificate of appealability should issue on the petitioner's claims.

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Courts must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In Re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997). To receive a certificate of appealability, "a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 123 S. Ct. 1029, 1039 (2003) (citations omitted).

The Court finds that reasonable jurists could disagree with respect to the resolution of the claims raised in the petitioner's objections to magistrate judge's report. The petitioner first

challenged the magistrate judge's conclusion that sufficient evidence supported the petitioner's conviction and the main jury instructions as well as the supplemental jury instructions were adequate. The Court concluded that the petitioner was proceeding on a misunderstanding that the Michigan Supreme Court's decision in *People v. Aaron*, 409 Mich. 672, 299 N.W.2d 872 (1971), which prospectively altered the intent element of felony-murder, applied to him retroactively because the state did not raise the defense of non-retroactivity in its pleadings or papers. Although the Court stands by its conclusion, it recognizes that reasonable jurists might disagree.

The petitioner's next objected that his rights under the Equal Protection Clause were violated because the Michigan courts did not apply the decision in *Aaron* even-handedly, a claim he did not present in his petition. The Court concluded that although the Michigan Supreme Court had conferred the benefit of that decision in two cases that were not pending on appeal or the vehicle for the promulgation of *Aaron*'s new rule, there was a rational basis for so doing: leave to appeal was granted to one defendant on the same day as *Aaron* and raised identical issues, and the other defendant was a co-defendant in the first defendant's trial. The Court again recognizes that reasonable jurists could differ as to this conclusion.

The petitioner's remaining objections challenged the magistrate judge's conclusion that the petitioner's pretrial confession was constitutional and his trial and appellate attorneys were not deficient. The Court agreed with the petitioner that the magistrate judge should not have raised *sua sponte* the affirmative defense of procedural default based on the State's conduct in the case. The Court further agreed that the magistrate judge improperly concluded that *Walker* hearings, named after the Michigan Supreme Court's decision in *People v. Walker (on reh)*, 374 Mich. 331, 132 N.W.2d 159 (1969), were available only to challenge the voluntariness of a confession.

Nonetheless, the Court concluded that the confession was voluntary because the state courts had identified and applied the correct law. *See MaCall v. Dutton*, 863 F.2d 454, 459 (6th Cir. 1998) (holding that a confession is voluntary if (1) the police extorted the confession by means of coercive activity; (2) the coercion in question was sufficient to overbear the will of the accused; and (3) the will of the accused was in fact overborne because of the coercive police activity).

The Court also concluded that the petitioner's *Miranda* rights had not been violated because the petitioner had failed to unequivocally invoke his right to counsel. The magistrate judge had held an evidentiary hearing on the matter, and his choice to credit the interrogators' version of events over the petitioner's was proper. Further, the magistrate judge's failure to consider in his report letters that were submitted on the petitioner's behalf describing him as an honest person, the Court found, was proper because the letters did little to tip the credibility scale in the petitioner's favor or shed light on the events surrounding the alleged invocation of the right to counsel.

Finally, the Court found that the petitioner had not been denied effective assistance of counsel when his trial attorney failed to pursue testimony that the petitioner had asked for an attorney during interrogation and his appellate attorney did not raise that issue on appeal. Because the petitioner did not invoke his right to counsel, there could be no showing of prejudice. *See Strickland v. Washington*, 466 U.S. 668, 694 (1984). Although the Court believes that its conclusions are sound, it recognizes that reasonable jurists could disagree.

The petitioner also requests that he be allowed to proceed *in forma pauperis* on appeal. An appeal may be taken *in forma pauperis* if the appeal is taken in "good faith." 28 U.S.C. § 1915(a). "Good faith" requires a showing that the issues are arguable on the merits and are, therefore, not frivolous; it does not require a showing of probable success. *Harkins v. Roberts*, 935 F. Supp. 871, 873 (S.D. Miss. 1996) (quoting *Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983)). "If the district court can discern the existence of any nonfrivolous issue on appeal, the movant's petition

-4-

to appeal in formal pauperis must be granted." *Harkins*, 935 F. Supp. at 973. Because reasonable jurists could disagree as to the resolution of the claims raised by the petitioner, the Court finds that the appeal is taken in good faith and the petitioner is entitled to proceed *in forma pauperis.*

Accordingly, it is **ORDERED** that a certificate of appealability [dkt # 62] is **GRANTED** with respect to the petitioner's first claim.

It is further **ORDERED** that the petitioner's motion to proceed *in forma pauperis* on appeal, submitted as part of his motion for a certificate of appealability, is **GRANTED.**

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated: October 20, 2005

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 20, 2005.

          s/Tracy A. Jacobs  
          TRACY A. JACOBS

---